IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**O'QUINN PAUL LAMONT PURVIS,**

    **Plaintiff,**

    v.                                                                                          Civ. No. 21-716 MV/JFR

**RAFAEL MARIN, JOSE MARIN,
ROBERT MONTOYA, JOSHUA BAKER,
PABLO MONTOYA, AMY PEREA,
GEROGINA MARTINEZ, and FNU Rodregus,**

    **Defendants.**

**MAGISTRATE JUDGE'S PROPOSED FINDINGS
AND RECOMMENDED DISPOSITION**

**THIS MATTER** is before the Court by Order of Reference[1] in accordance with 28 U.S.C. §§ 636(b)(1)(B), (b)(3) and *Va. Beach Fed. Sav. & Loan Ass'n v. Wood*, 901 F.2d 849 (10th Cir. 1990). Doc. 15. Presently pending[2] in this case are *Defendants Pablo Montoya, Amy Perea, Chris Rodriguez, and Georgina Martinez's Motion to Dismiss in Lieu of an Answer* (Doc. 27), filed on April 22, 2022; *Defendants Joshua Baker, Jose Marin, and Robert Montoya's* Martinez *Report and Motion for Summary Judgment on the* Martinez *Report* (Doc. 33), filed on May 20, 2022; and *Defendants Pablo Montoya, Amy Perea, Chris Rodriguez and Georgina*

---

[1]     By an Order of Reference filed February 7, 2022 (Doc. 15), the presiding judge referred this matter to the undersigned to conduct hearings as warranted and to perform any legal analysis required to recommend an ultimate disposition of the case.

[2]     As discussed more fully below, Defendant Rafael Marin has been dismissed from this litigation. Doc. 39. Therefore, "Defendants," as used in the Court's discussion, collectively refers to those Defendants who remain in this litigation. Moreover, any discussion of the issues in this case or Plaintiff's actions in this litigation is likewise limited to its relationship with the remaining Defendants, unless Defendant Marin is specifically mentioned.

*Martinez's* Martinez *Report and Motion for Summary Judgment* (Doc. 36), filed June 21, 2022 (collectively, "Motions").

On September 16, 2022, the Court entered an *Order to Show Cause* ("Order"), directing Plaintiff to "provide the Court with a written explanation showing good cause why he has not complied with" the rules governing responsive pleadings.  Doc. 37 at 2.  Plaintiff's explanation was due by October 17, 2022.  *Id.*  To date, Plaintiff has not filed responsive pleadings to the Motions, nor has he responded to the Court's Order.  For the reasons that follow, the undersigned recommends that the presiding judge **DISMISS** this case **WITHOUT PREJUDICE.**

## I. ANALYSIS

"Pro se litigants are required to follow the Federal Rules of Civil Procedure and simple, nonburdensome local rules." *Ollison v. Curry Cty. Det. Ctr.*, 429 F. Supp. 3d 920, 922 (D.N.M. 2019) (citing *Brandenburg v. Beaman*, 632 F.2d 120, 122 (10th Cir. 1980)).  The Court may, in its discretion, dismiss a case pursuant to Fed. R. Civ. P. 41(b) ("Involuntary Dismissal") for failure to prosecute or comply with the Federal Rules of Civil Procedure, local rules, or orders of the Court.  *Ollison*, 429 F. Supp. 3d at 922 (citing *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003)); *Petty v. Manpower, Inc.*, 591 F.2d 615, 617 (10th Cir. 1979).  Dismissal without prejudice is far less harsh than dismissal with prejudice because the litigant retains the ability to seek vindication of the claims he is pursuing.  *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1162 (10th Cir. 2007); *see also Phillips v. Pub. Serv. Co. of N.M.*, 492 F. App'x 407, 409 (10th Cir. 2003).  For this reason, the Court need not conduct its analysis according "to any particular procedures." *Nasious*, 492 F.3d at 1162.  Instead, the Court's reasoning must rest on the procedural history of the case. *Petty*, 591 F.2d at 617.

In cases where a dismissal is *with* prejudice, the district court is to consider five factors articulated by the Tenth Circuit in *Ehrenhaus v. Reynolds*, 965 F.2d 916 (10th Cir. 1992). *Faircloth v. Hickenlooper*, 758 F. App'x 659, 661 (10th Cir. 2018). Some judges have found the *Ehrenhaus* factors helpful, however, when dismissing cases *without* prejudice. *See, e.g.*, *Williams v. UnitedHealth Group*, No. 18-CV-2096, 2020 WL 1329455, at *3 (D. Kan. Mar. 23, 2020). They are: (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the plaintiff; (4) whether the court warned the plaintiff that noncompliance likely would result in dismissal; and (5) the effectiveness of lesser sanctions. *Ehrenhaus*, 965 F.2d at 921. "These factors do not constitute a rigid test; rather they represent criteria for the district court to consider before imposing dismissal as a sanction." *Id.*; *see also Williams*, 2020 WL 1329455, at *3 ("These factors are not exhaustive, and the [c]ourt need not weigh them equally."). In the interest of completeness, in addition to considering procedural history, the Court will also weigh the *Ehrenhaus* factors against the circumstances of this case.

**A.      Procedural History**

The Court has inquired into Plaintiff's whereabouts to ensure he has received notice of all filings in this case, though this Court's local rules require all litigants, including inmates, to keep the Court apprised of their proper mailing address and to maintain contact with the Court. *See* D.N.M.LR-Civ. 83.6 ("All attorneys of record and parties appearing *pro se* have a continuing duty to notify the Clerk, in writing, of any change in their . . . mailing addresses."). As of the date of this filing, Plaintiff remains in the custody of the New Mexico Corrections Department, at the Lea County Correctional Facility.[3] This is the contact information reflected on the docket

---

[3]      New Mexico Corrections Department, https://www.cd.nm.gov/offender-search/ (last visited Mar. 8, 2023).

for this case, and the Court has no reason to believe Plaintiff has not received notice of the filings at issue here—no mail has been returned.

The Court is cognizant that, on April 4, 2022, in Plaintiff's response to an earlier motion to dismiss, he stated:

> I want to inform the courts that I the plaintiff is having a problem with LCCF. The facility I am b[e]ing housed at is not letting me send out legal mail because my book are frozen. I am in debt with the inmate account because I've sen[t] legal mail out with no money on my book. I am working with the case worke[r] and the mail room trying to figu[re] this out because its aga[i]nst the rules and it [is] my right to send out legal mail. Also I cannot send out no mail that is not address[ed] to the courts using a debit memo[]. Please not[e] that I have no money all my state pay the LCCF and RDC facility is garnishing my pay to pay the de[b]t that I have built up. So with that said I cannot send no mail to Defendant[s'] counsel and am trying to figu[re] out a way to send mail out p[e]rio[]d. I ask the court to work with me in doing my best to work out this problem. Thank you.

Doc. 23 at 2. Plaintiff's statement indicates that he is still able to send mail to this Court—the pleading in which he made this statement arrived at the Court by mail. *Id.* at 3. With this in mind, it is unclear how Plaintiff was precluded from responding to this Court's Order seeking an explanation of why he did not comply with the rules governing responsive pleadings or otherwise submitting such pleadings to the Court for filing. In short, Plaintiff has not complied with the local rules or this Court's Order. In its Order, the Court advised Plaintiff of the consequences of failing to respond in opposition to the Motions, and four months have passed since Plaintiff's response to that Order was due. Doc. 37 at 2.

Moreover, on February 6, 2023, the undersigned entered Proposed Findings and a Recommended Disposition ("PFRD") for a dispositive motion filed by Defendant Rafael Marin. Doc. 38. Plaintiff did not object to the undersigned's PFRD, which recommended dismissal of all claims against Defendant Rafael Marin with prejudice. *Id.* The presiding judge entered an order adopting the PFRD on February 28, 2023. Doc. 38.

In light of this procedural posture, which has taken its shape nearly entirely because of Plaintiff's inaction i.e., failure to file responsive pleadings and comply with Court orders, for over eleven months, the Court concludes that Plaintiff is no longer actively prosecuting his case. This conduct constitutes sufficient grounds to dismiss Plaintiff's remaining claims without prejudice under Rule 41(b). *See Ollison*, 429 F. Supp. 3d at 922. The Court turns to the *Ehrenhaus* facors.

B.     ***Ehrenhaus* Factors**

First, the Court considers the prejudice Defendants have suffered from Plaintiff's litigation conduct. Defendants have spent time and resources addressing Plaintiff's claims, including compiling *Martinez* reports, and have been met with no response from Plaintiff. *See* Docs. 33, 36. Indeed, as noted above, Plaintiff has not actively participated in this litigation in nearly one year. "It would further waste Defendants' time and resources to require continued defense when it appears that Plaintiff is either unwilling or unable to continue the case." *Arakji v. Hess*, No. 15-CV-681, 2016 WL 759177, at *2 (D. Colo. Feb. 26, 2016) (citing *Williams v. Ocwen Loan Servicing, LLC*, No. 10-CV-1578, 2011 WL 1595991, at *2 (D. Colo. Mar. 15, 2011), *adopted* 2011 WL 1597664 (D. Colo. Apr. 27, 2011), for the proposition that a plaintiffs' neglect of a case prejudices the defendants because the defendants have already expended time and resources to engage in motions practice and continued defense would waste additional time and resources)). The Court concludes that Defendants have suffered prejudice, though not egregious prejudice, by Plaintiff's failure to prosecute his claims. *See Williams*, 2011 WL 1595991, at *2.

Next, the Court considers the amount of interference with the judicial process. This consideration is rooted in "respect for the judicial process and the law." *Cosby v. Meadors*, 351

y
z

F.3d 1324, 1326 (10th Cir. 2003). Plaintiff's failure to file responsive pleadings and comply with the local rules concerning the same, and his disregard for the Court's Order seeking an answer for his conduct evidences an indifference to this principle. In fact, failure to respond to the Court's Order demonstrates "a lack of respect" and increases the workload of the Court. *Arakji*, 2016 WL 759177, at *2; *see also Davis v. Miller*, 571 F.3d 1058, 1062 (10th Cir. 2009) (stating, with respect to the second *Ehrenhaus* factor: "This factor impacts the court's ability to manage its docket and move forward with the cases before it, and it cannot do this if a party fails to respond to court orders.").

Third, the Court considers the Plaintiff's culpability. It cannot be disputed that Plaintiff is wholly culpable for the current state of this case; it is his failures to file responsive pleadings and comply with the Court's Order that have resulted in an ongoing delay in the litigation of this case and the expenditure of time and resources by Defendants and this Court with no meaningful resolution in sight. As noted above, the Court is cognizant that Plaintiff claims that he experienced difficulty sending mail from the prison facility, though he acknowledges that he is able to send mail to the Court. Doc. 23 at 2. Again, Plaintiff was not precluded from responding to this Court's Order seeking an explanation of why he did not comply with the rules governing responsive pleadings or submitting such pleadings to the Court for filing—the pleading in which he detailed his difficulty sending mail arrived at the Court by mail. *Id.* at 3. In short, culpability for the standstill in this case falls squarely on Plaintiff.

Fourth, the Court considers whether Plaintiff was warned that noncompliance would likely result in dismissal. In its Order, the Court quoted D.N.M.LR-Civ. 7.1(b), which states, in pertinent part: "The failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion." Doc. 37 at 2.

6

The Court warned Plaintiff that it would assume briefing is complete on the Motions to which he failed to file responsive pleadings if he did not comply with the directives in the Order. *Id.* The Motions to which Plaintiff failed to file responsive pleadings seek dismissal and summary judgment. Docs. 27, 33, 36. The Court therefore concludes that Plaintiff had notice that his failure to comply with the Federal Rules of Civil Procedure, this Court's local rules, and the directives in the Order could result in dismissal of his claims.

Finally, the Court considers the efficacy of lesser sanctions. In this situation, the Court believes the most appropriate action is dismissal without prejudice because any sanction short of this will perpetuate the harm caused to Defendants by "managing an open-ended case." *Williams*, 2020 WL 1329455, at *4. While, as noted above, dismissal is a harsh sanction, dismissal without prejudice is considerably less harsh because Plaintiff retains access to the Court to pursue his claims. *Nasious*, 492 F.3d at 1162. Moreover, this specific course of action is particularly appropriate given the facts the Court is confronted with; even if the Court ordered lesser sanctions, the Court has no reason to believe that Plaintiff would comply or otherwise take part in this litigation. In short, "[i]t appears that Plaintiff is no longer capable of or interested in prosecuting his case." *Arakji*, 2016 WL 759177, at *2.

In light of the procedural history of this case and having weighed the *Ehrenhaus* factors against the circumstances present here, the Court is convinced that Plaintiff is no longer prosecuting this case. For the reasons set forth herein, the Court concludes that dismissal without prejudice under Rule 41(b) is appropriate at this juncture. Because such dismissal is without prejudice, Plaintiff may seek to litigate the claims that remain in this case at such time when he can actively prosecute those claims, should he choose to do so.

## II. CONCLUSION

For all the foregoing reasons, the undersigned recommends that the presiding judge **DISMISS** this case **WITHOUT PREJUDICE.**

> **THE PARTIES ARE NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).  **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**

_____
**JOHN F. ROBBENHAAR**
United States Magistrate Judge